UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ UNITED STATES OF AMERICA,            │
│                   Plaintiff,         │
│                                      │
│ -against-                            │
│                                      │
│ NELSON MORENO,                       │
│                   Defendant.         │
└─────────────────────────────────────┘
```

03 Cr. 724 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

        Before the Court is Defendant Nelson Moreno's motion for
compassionate release pursuant to 18 U.S.C. § 3582(c) based on
COVID-19.  (See Emergency Motion for Reduction in Sentence
("Mot."), dated May 3, 2020 [dkt. no. 129].)  For the reasons
set out below, the motion is denied.

  I.   Background

        Mr. Moreno, now 51-years old, was convicted of conspiracy
to commit murder for hire, in violation of 18 U.S.C. § 371, and
of conspiracy to distribute cocaine base, in violation of 21
U.S.C. §846.  (See Letter from Brandon D. Harper ("Gov't.
Opp."), dated July 17, 2020 [dkt. no. 132].)  At Defendant's
December 22, 2006 sentencing hearing, Judge Lynch determined
that, although Mr. Moreno's Total Offense Level of 40, combined
with his Criminal History Category of II, yielded a Sentencing
Guidelines range of 324 to 405 months' imprisonment, the
statutory maximum sentence was 300 months' imprisonment.  (See

1

Ex. A to Gov't Opp., Sentencing Transcript ("Tr."), dated Dec. 22, 2006, at 5:5-8.)

Judge Lynch observed that Defendant's crimes were "terrible ones" in that he and his co-defendant "agreed to perform, and did perform, murders for hire. [The Defendant] took money in exchange for taking human lives." (Tr. at 7:1-2.) Although Judge Lynch noted that the Defendant was "only the driver," he also noted that the "record reflects very decisively that [the Defendant was] a part of these plots." (Id. at 7:4-6.) The Court also noted that the evidence against the Defendant was strong and included "tape recordings in which [he] and [the co-defendant] agreed to commit a contract killing." (Id. at 7:8-9.) The Court's evaluation was that crimes like those the Defendant had committed "would easily justify a sentence of life imprisonment." (Id. at 7:15-16.) Defendant's scheduled release date is December 12, 2024. (Gov't. Opp. at 1.)

On May 12, 2020, Defendant requested compassionate release from the Warden at FCI Danbury, and his request was denied on May 15, 2020. The basis for Defendant's requested relief is that he is "morbidly obese," has "high blood pressure which is currently not under control though he has repeatedly advised the medical department that current medications are not working well," suffers from diabetes, suffers from sleep apnea, has high cholesterol, suffers from a body rash, and has other health

2

concerns.  (Mot. at 6-7.)  Mr. Moreno also asserted that he had

"shortness of breath, cough, weakness and fatigue" recently and

that the conditions at FCI Danbury place him at a higher risk of

serious COVID-19 infection.  (Id. at 8.)  Mr. Moreno also argues

that he poses no immediate danger to the community and that the

18 U.S.C. § 3553(a) factors weigh "strongly" in favor of

release.  (Id. at 14-17.)

After the Government opposed (see Gov't. Opp.), Defendant

filed a reply (Response to Government Opposition to Defendant's

Motion for Compassionate Release, dated July 28, 2020 [dkt. no.

136]), and thereafter supplemented his motion on November 13

(Motion to Supplement Moreno's Motion for Reduction in Sentence

to Compassionate Release ("Supp. Mot."), dated Nov. 6, 2020

[dkt. no. 137]), calling the Court's attention to the Court of

Appeals' decision in United States v. Brooker (Zullo), 976 F.3d

228 (2d Cir. 2020), and informing the Court that he had

contracted COVID-19 and suffers from a rash over his body.

Again, the Government filed opposition papers.  (Letter from

Brandon D. Harper ("Gov't Supp. Opp."), dated Dec. 2, 2020 [dkt.

no. 139].)

II.  Applicable Law

A court normally may not modify a term of imprisonment once

it has been imposed, but "compassionate release" is among the

limited exceptions.  United States v. Demaria, No. 17 CR. 569

(ER), 2020 WL 1888910, at *2–3 (S.D.N.Y. Apr. 16, 2020).
Compassionate release allows a court to reduce a term of
imprisonment where, among other things, "after considering the
factors set forth in section 3553(a)," "extraordinary and
compelling reasons warrant such a reduction."  18 U.S.C.
§ 3582(c)(1)(A).

Compassionate release considerations are guided by the
policy statement within U.S. Sentencing Guidelines § 1B1.13.
See 18 U.S.C. § 3582(c)(1)(A).  Under Note 1 to U.S.S.G.
§ 1B1.13, extraordinary and compelling reasons exist based on
the medical condition of the defendant where the defendant is
"(i) suffering from a terminal illness," or "(I) suffering from
a serious physical or medical condition, (II) suffering from a
serious functional or cognitive impairment, or (II) experiencing
deteriorating physical or mental health because of the aging
process, that substantially diminishes the ability of the
defendant to provide self-care within the environment of a
correctional facility and from which he or she is not expected
to recover."  Application Note 1, U.S.S.G. § 1B1.13.

Moreover, U.S.S.G. § 1B1.13 provides that, to grant
compassionate release, the Court must determine that "the
defendant is not a danger to the safety of any other person or
to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G.
§ 1B1.13.

It is a defendant's burden to prove that "extraordinary and compelling reasons" exist; that he is not a danger to the community; and that the Section 3553(a) factors and all other relevant considerations warrant the Court exercising its discretion to grant early release.  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992); see also United States v. Israel, 05 CR 1039 (CM), 2020 WL 5641187, at *3 (S.D.N.Y. Sept. 22, 2020).

III. Discussion

Although Defendant filed his motion prior to his request to the Warden for release, the Court will consider the Warden's denial of Defendant's subsequent request as sufficient to exhaust Defendant's administrative remedies.

The Court acknowledges that the Defendant's BMI above 30 and his apparent diagnosis of Type II Diabetes constitute "extraordinary and compelling circumstances warranting release" pursuant to 18 U.S.C. § 3582(c).  However, the Court must still consider the § 3553(a) factors.  Here, those factors counsel against release.

First, Defendant's crimes were unspeakably serious, in Judge Lynch's words, "terrible ones."  (Tr. at 7:1.)  He and his co-defendant took money in exchange for taking human life.  As Judge Lynch acknowledged, crimes like these "would easily justify a sentence of life imprisonment." (Id. at 7:15-16.)  To

release this Defendant some four years early would undermine the sentencing mandates that the sentence be sufficient to reflect the seriousness of the crime, promote respect for the law, and provide just punishment.

A reduction in Mr. Moreno's sentence would contradict Section 3553(a)'s requirements that his sentence be sufficient to protect the public from further crimes and adequately deter criminal conduct.  At sentencing, Judge Lynch noted that Mr. Moreno's childhood and criminal record warranted greater leniency than his co-defendant but also explained that "I do understand that the public needs to be protected from anyone who can commit such acts."  (Tr. at 7:11-12.)  Given the severity of the crime and the Defendant's background, Judge Lynch concluded that, "[t]hese various factors do help justify a sentence of life imprisonment but the plea agreement has already accounted for them.  They do not warrant a sentence below the 25 years permitted by the plea agreement." (Id. at 8:7-10.)

The Court agrees with Judge Lynch that the severity of Defendant's crimes and his background require that this 51-year-old Defendant serve his full sentence in order to protect the public as much as possible.

IV.  Conclusion

For the reasons set out above, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c), (dkt. no.

6

129), as supplemented, (dkt. no. 137), is denied.  The Clerk of the Court shall mail a copy of this order to the Defendant.

**SO ORDERED.**

Dated:    New York, New York
          February 23, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge